UNITED STATES DISTRICRT COURT
NORTHERN DISTRICT OF NEW YORK

PEDDIE JENKINS,

                Plaintiff,                CIVIL ACTION #:1:14-CV-0064
                                                                                            (GTS/RFT)

-vs.-

THE COUNTY OF WASHINGTON; WASHINGTON COUNTY SHERIFF'S DEPARTMEN; WASHINGTON COUNTY SHERIFF JEFFEREY MURPHY, individually; WASHINGTON COUNTY UNDERSHERIFF JOHN WINCHELL, individually; WASHINGTON COUNTY SHERIFF'S DEPUTY SCOTT STARK, individually; VILLAGE OF HUDSON FALLS; HUDSON FALLS POLICE DEPARTMENT; HUDSON FALLS POLICE CHIEF RANDY DIAMOND, individually; HUDSON FALLS POLICE OFFICER SCOTT GILLIS, individually; HUDSON FALLS POLICE OFFICER SCOTT MOULTHROP, individually; CITY OF GLENS FALLS; CITY OF GLENS FALLS POLICE DEPARTMENT; GLENS FALLS POLICE CHIEF WILLIAM VALENZA, individually; GLENS FALLS POLICE OFFICER PETER CASERTINO, individually; GLENS FALLS POLICE OFFICER PAUL FRETTELOSO, individually; NEW YORK STATE COMMISSIONER DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION; NEW YORK STATE PAROLE OFFICER MARIO TORRES, individually; NEW YORK STATE PAROLE OFFICER SCOTT HURTEAU, individually; **WASHINGTON COUNTY DISTRICT ATTORNEY'S OFFICE; WASHINGTON COUNTY DISTRICT ATTORNEY KEVIN KORTRIGHT, individually; WASHINGTON COUNTYASSISTANT DISTRICTATTORNEY DEVIN ANDERSON, individually; and, WASHINGTON COUNTY ASSISTANT DISTRICT ATTORNEY MICHAEL STERN, individually,**

                Defendants.

**MEMORANDUM OF LAW
IN OPPOSITION OF WASHINGTON COUNTY DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FRCP 12(b)**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................... Pg. 3

FACTS ALLEGED IN PLAINTIFFS COMPLAINT ARE
SUFFICIENT TO DEFEAT MOTION TO DISMISS........................ Pg. 3

STANDARD OF REVIEW UNDER FRCP 12 (b)............................. Pg. 4

POINT I: DEFENDANTS KORTRIGHT, ANDERSON
AND STERN ARE NOT IMMUNE FROM SUIT
UNDER THE DOCTRINE OF PROSECUTORIAL
IMMUNITY................................................................ Pg. 4

POINT II: DEFENDANT WINCHELL AND STARK ARE
NOT ABSOLUTELY IMMUNE FROM SUIT............... Pg. 6

POINT III: PLAINTIFF'S COMPLAINT DOES STATE
PLAUSIBLE §§ 1981, 1983 AND 1985 CLAIMS
AGAINST COUNTY DEFENDANTS ...................... Pg. 6

    A.    42 U.S.C. §§ 1981 and 1985

        i.    §1981

        ii.    § 1985

        iii.    42 U.S.C. § 1983

POINT IV: PLAINTIFFS COMPLAINT DOES STATE A
CLAIM FOR MUNICIPAL LIABILITY AGAINST
THE COUNTY, THE WASHINGTON COUNTY
SHERIFF'S DEPARTMENT OR THE WASHINGTON
COUNTY DISTRICT ATTORNEYS OFFICE............... Pg. 12

POINT V: INDIVIDUAL DEFENDANTS MURPHY, WINCHELL,
STARK, KORTRIGHT, ANDERSON, AND STERN ARE
NOT ENTITLED TO QUALIFIED IMMUNITY............ Pg. 13

## PRELIMINARY STATEMENT

Plaintiff Jenkins submits this memorandum of law in opposition to the motion to dismiss made by defendants County of Washington (hereinafter referred to as "County"), Washington County Sheriff's Department (hereinafter referred to "WCSD"), Washington County Sheriff Jeffery Murphy (hereinafter referred to as "Murphy"), Washington County Undersheriff John Winchell (hereinafter referred to as "Winchell"), Washington County Sheriff's Deputy Scott Stark (hereinafter referred to as "Stark"), Washington County District Attorney's Office (hereinafter referred to as "WCDA"), Washington County District Attorney Kevin Kortright (hereinafter referred to as "Kortright"), Washington County Assistant District Attorney Devin Anderson (hereinafter referred to as "Anderson"), Washington County Assistant District Attorney Michael Stern (hereinafter referred to as "Stern"), and all defendants referenced herein to be collectively referred to as "County Defendants".

The allegations contained in plaintiff's complaint are sufficient under the notice pleading requirements of Rule 8 (a) of the Federal Rules of Civil Procedure to state a valid claim pursuant to 42 U.S.C. § 1983; that is, the requirement that the pleading contains a short and plain statement showing the pleader is entitled to relief.

Plaintiff objects to County Defendants reference to alleged facts not contained within the pleadings before this Court "by omission" at page 4 of its memorandum of law.

## FACTS ALLEGED IN PLAINTIFFS' COMPLAINT ARE SUFFICIENT TO DEFEAT MOTION TO DISMISS

The facts contained in the plaintiffs' complaint at paragraphs 36 through 115 establish the elements of a malicious prosecution claim under New York law, together with a violation of plaintiffs' Fourth Amendment rights.

**Malicious prosecution and Fourth Amendment**: Specifically, the complaint (Dkt. No. 1 ¶¶ 1-115) demonstrates the County Defendants initiated the prosecution against plaintiff; the action was terminated in plaintiffs' favor; the action was commenced and thereafter continued without probable cause; the action was commenced and thereafter continued with malice and, the plaintiffs' constitutional rights as guaranteed by the Fourth Amendment rights against unreasonable seizure were violated.

The plaintiff's complaint (Dkt. No. 1 ¶¶36 & 37) alleges the County Defendants acted individually and collectively to each other, and as members of a duly organized drug task force.

## STANDARD OF REVIEW UNDER FRCP 12 (b)

Defendants acknowledge that in accordance with the ruling *Phelps v. Kapnolas*, 308 F. 3d 180, 184 [2d Cir. 2002] the standard of review requires "...the court must accept the material facts alleged in the Complaint as true and construe all reasonable inferences in the plaintiff's favor..." when reviewing a motion to dismiss.

## POINT I:

## DEFENDANTS KORTRIGHT, ANDERSON AND STERN ARE NOT IMMUNE FROM SUIT UNDER THE DOCTRINE OF PROSECUTORIAL IMMUNITY

Plaintiff concedes defendant's Kortright, Anderson and Stern are entitled to absolute immunity for acts within the scope of their prosecutorial duties.

However, plaintiff alleges in its complaint (Dkt. No. 1 ¶¶ 42-49, 52, 54, 56-58, 60, 63-66 & 75-84) that the acts alleged to have been committed by defendant's Kortright, Anderson and Stern were outside the scope of the prosecutorial duties. To receive absolute immunity the defendants Kortright, Anderson and Stern must establish that their acts were within the judicial phase of the criminal process. In *Buckley v. Fitzsimmons*, 113 S. Ct. 2606 (1993), the Court held that the prosecutor does not receive absolute immunity when he

performs investigative functions normally performed by the police. And, the prosecutors have the burden of establishing that they are entitled to absolute immunity.

In *Buckley, supra*, the Court determined the prosecutor became involved in the investigation prior to the point in time in which probable cause existed to arrest or to initiate judicial proceedings. Continuing, the Court stated:

> *Under the circumstances, the prosecutors' conduct occurred well before they could properly claim to be acting advocates. Respondents have not cited any authority that supports an argument that a prosecutor's fabrication of false evidence during the preliminary investigation of an unsolved crime was immune from liability at common law, either in 1871 or at any date before the enactment of § 1983. It therefore remains protected only by qualified immunity.*

Likewise, in the instant case the plaintiff's complaint demonstrates that the defendant's Kortright, Anderson and Stern became involved in the investigation prior to the point in time which probable cause existed and approximately five (5) months before the plaintiff's arrest (Dkt. No. 1 ¶¶ 42-49, 52, 54, 56, 60, 63 & 64-66); that is, assisting in the solicitation of the CI (Dkt. No. 1 ¶¶ 43-49), participating in the investigation in reference to photographing and recording the plaintiff (¶ 52, 54 & 56-58), participating in the investigation in reference to preparing a diagram of plaintiff's residence (Dkt. No. 1 ¶ 60) and participating in the investigation in reference to the cocaine allegedly sold (Dkt. No. 1 ¶¶ 63,64 & 65). Additionally, plaintiff's complaint alleges that after entering into the cooperation agreement with the CI, defendant's Kortright, Anderson and Stern worked in conjunction with the police during the course of their investigation (Dkt. No. 1 ¶¶ 44-49).

Defendants Kortright, Anderson and Stern have not cited any authority in support of their argument that they are entitled to absolute immunity in reference to the fabrication

of the false evidence during the preliminary investigation. The plaintiff's complaint asserts the defendant's Kortright, Anderson and Stern fabrication of evidence prior to and during the grand jury presentation; that is, falsely alleging the plaintiff was the perpetrator in the photographs on the 4 wheeler, alleging the plaintiff's voice was on the tape recording, preparing a sketch of the plaintiff's residence to reflect the existence of a back door to which the perpetrator was alleged to have entered when there was no backdoor and, falsifying the weight of cocaine alleged to have been purchased.

It is respectfully submitted that defendant's have not met their burden in establishing that they are entitled to absolute immunity.

## POINT II:

### DEFENDANT WINCHELL AND STARK ARE NOT ABSOLUTELY IMMUNE FROM SUIT

Plaintiff concedes defendant's Winchell and Stark are entitled to immunity for their testimony before the grand jury and at trial.

However, the allegation in the plaintiff's complaint against defendant's Winchell and Stark is not limited to their testimony before the grand jury and at trial. Rather, plaintiff's complaint alleges defendant's Winchell and Stark acted individually and collectively with the other defendant's, and as part of the duly organized Drug Task Force (Dkt. No. 1 ¶¶ 36 & 37). Further, that they engaged in discrimination against the plaintiff based on his race (Dkt. No. 1 ¶¶ 38 & 41).

## POINT III:

### PLAINTIFF'S COMPLAINT DOES STATE PLAUSIBLE §§ 1981, 1983 AND 1985 CLAIMS AGAINST COUNTY DEFENDANTS

A.     42 U.S.C. §§ 1981 and 1985

i. §1981 & ii. § 1985

County Defendants in their memorandum of law (page 13) incorrectly asserts "plaintiff was present at the location of the drug sale" and "CI was sold cocaine at plaintiff's residence". Plaintiff's complaint does not support such a statement, or inference. In fact, plaintiff has always maintained that there was no sale of cocaine on the date alleged or at his residence. Plaintiff was acquitted after a jury trial.

Plaintiff in his complaint alleges with specificity the racial animus which was demonstrated by defendants Winchell and Stark individually and collectively with the other County Defendants (Dkt. No. 1 ¶¶ 38, 41).

Despite the fact plaintiff was not depicted in the photographs (Dkt. No. 1 ¶¶ 51 & 52), his voice was not on the audio (Dkt. No. 1 ¶¶ 53, 54 & 55) and defendant Scott Gillis finally under cross examination during the trial that the person identified as the plaintiff could not have been involved in the alleged drug sale (Dkt. No. 1 ¶¶ 70 & 71), the plaintiff, the only African American present, was arrested. There was no other basis upon which the arrest otherwise could have been explained.

As hereinabove set forth at point I, plaintiffs complaint alleges the County Defendants were engaged individually and collectively, from the outset, in the investigation with the other defendants. The plaintiff further alleges the defendants were motivated by plaintiff's race and as a result thereof fabricated and concealed evidence, and maliciously engaged upon the prosecution of the plaintiff based on false information; that is, with the intent to deny the plaintiff the equal protection of the law.

Plaintiff's complaint also alleges the County Defendants engaged in conspiracy with the other named defendants to cause the arrest and prosecution of the plaintiff based, in part, upon the plaintiff's race. Once again, plaintiff alleges in his complaint (Dkt. No. 1 ¶¶ 36 – 110) that the conspiracy began at the outset of the investigation and continued through the trial of the plaintiff. Even after the acquittal of the plaintiff, defendant Murphy, in furtherance of the conspiracy, continued by issuing a statement to the press stating "From everything I have seen, the case was handled appropriately," (Dkt. No. 1 ¶ 110). As such, County Defendants are liable for the acts of the other named defendants.

It is respectfully submitted that the allegations contained in the plaintiff's complaint are sufficient under the notice pleading requirements of Fed. R. Civ. P. 8 (a).

County Defendants concede in their memorandum of law (page 5), citing *Pangurn v. Cluber Tson*, 200 F. 3 65, 72 [2nd Cir. 1999] that conspiracies "…by their very nature are secretive operations, and may have to be proven by circumstantial, rather than direct evidence." As such, plaintiff respectfully submits that at this early stage of the proceeding, this issue is not ripe for a determination by the Court.

iii.  42 U.S.C. § 1983

The plaintiff incorporates by reference the above stated arguments hereinabove set forth at i. §1981 & ii. § 1985.

Plaintiff's complaint sufficiently reflects the over acts of the conspiracy (Dkt. No. 1 ¶¶ 36 – 110).

County Defendants submit, relying on <u>Stansbury v. Wertman</u>, 721 Fed. 3rd 84 [2nd Cir. 2013], that the plaintiff's complaint fails to demonstrate the lack of probable cause for his arrest and prosecution. However, the facts in Stansbury, *supra*, can be readily distinguished from those in the instant case.

Initially it is noted however it is noted that in the instant case only the plaintiff's complaint is before the Court, with the allegation contained therein being deemed to be true.

Further, in Stansbury, *supra*, the Court was making a determination on a summary motion judgment; that is, subsequent to discovery having been completed.

Plaintiff's complaint demonstrates the lack of probable cause for his arrest and prosecution. Distinguished from the facts in *Stansbury, supra*, there are no facts in the plaintiff's complaint that would suggest any basis to support a finding of probable cause for the arrest and prosecution of the plaintiff. Rather, plaintiff's complaint sets forth the racial animus of the County Defendants (Dkt. No. 1 ¶¶ 38 & 41); the photographs of the alleged drug transaction which clearly reflected that the plaintiff was not on the 4 wheeler and/or target (Dkt. No. 1 ¶¶ 51, 52); the audio recording of the alleged drug transaction which clearly reflected the plaintiffs voice was not depicted on it (Dkt. No. 1 ¶¶ 53,54 & 55); testimony of defendant Scott Gillis, a member of the Drug Task Force who was working with the County Defendants during the investigation and prosecution of the plaintiff that a photograph taken on the date of the alleged drug transaction reflected that plaintiff was not involved in the drug transaction (Dkt. No. 1 ¶ 70); the

County Defendants, together with the other members of the Drug Task Force who were present on the date of the alleged drug transaction, did not observe the plaintiff participate in the drug transaction (Dkt. No. 1 ¶ 70); the cocaine which was alleged to have weighed two (2) grams in fact weighed only 1.1 grams (Dkt. No. 1 ¶¶ 61 & 62); and, that there was no recording of a "set up call" to the plaintiff (Dkt. No. 1 ¶ 79 (o)); The plaintiff's complaint does not allege the CI ever advised the County Defendants the plaintiff sold the drugs to him or that the plaintiff confessed to having participated in the alleged drug transaction. In fact, plaintiff's complaint does not set forth any basis to establish probable cause for the arrest and prosecution of plaintiff.

Likewise, the jury acquitted the plaintiff, after deliberating for approximately 20 minutes.

County Defendants in their memorandum of law (page 15) incorrectly assert, as follows:

*1) "Information related to the drug buy leading to the plaintiff's arrest was initiated by a CI who identified plaintiff as a known drug dealer"*

Plaintiff's complaint does not support such a statement, or inference. Rather, plaintiff's complaint alleges defendant Scott Gillis and Assistant District Attorneys employed by the defendant WCDA approached the CI and promised him favorable treatment if "…he would set up plaintiff Peddie Jenkins." (Dkt. No.1 ¶ 43).

*2) Cocaine was purchased by the CI.*

Plaintiff's complaint does not support such a statement, or inference. Plaintiff's complaint referred only to "…crack cocaine alleged to have been sold by plaintiff Peddie Jenkins…" (Dkt. No.1 ¶ 61).

*3) The CI and his vehicle were searched prior to the purchase of the cocaine.*

Plaintiff's complaint does not support such a statement, or inference. Plaintiff's complaint states that neither the CI nor his vehicle was searched in accordance with the proper and accepted procedure prior to and after the sale (Dkt. No. 1 ¶ 79 k & l).

*4) The CI was in plaintiff's residence for approximately 15 minutes to purchase the cocaine.*

Plaintiff's complaint does not support such a statement, or inference. Plaintiff's complaint states that CI Steve Lathrop gave false, perjured and misleading testimony when he testified he was in plaintiff Peddie Jenkins residence for approximately 15 minutes.

*5) Plaintiff was present and/or in the general area when CI purchased cocaine.*

Plaintiff's complaint does not support such a statement, or inference; that is, the CI did not purchase cocaine at the plaintiff's residence.

*6) Plaintiff lived in the residence where the cocaine was purchased.*

Plaintiff's complaint does not support such a statement, or inference; that is, the CI did not purchase cocaine at the plaintiff's residence nor did the County Defendants observe the same (Dkt. No. 1 ¶¶ 54 & 70).

County Defendants incorrectly asserts at their memorandum of law (page 19) that as a result of the grand jury indictment probable cause necessarily existed. However, the Courts have held that the presumption of

probable cause resulting from the issuance of an indictment is rebuttable. In *Manganiello v. City of New York*, 612 Fed 3rd 149 [2nd **Cir.** 2010], the Court held, as follows:

> *"The presumption of probable cause established by a grand jury indictment may be rebutted by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith."*

Plaintiff's complaint (Dkt. No. 1 ¶¶ 78-84) alleges the indictment was procured by fraud, perjury, the suppression of evidence and other police conduct undertaken in bad faith.

### POINT IV:

### PLAINTIFFS COMPLAINT DOES STATE A CLAIM FOR MUNICIPAL LIABILITY AGAINST THE COUNTY, THE WASHINGTON COUNTY SHERIFF'S DEPARTMENT OR THE WASHINGTON COUNTY DISTRICT ATTORNEYS OFFICE

County Defendants Kortright (District Attorney) and Murphy (Sheriff), are policy/decision makers on behalf of defendants Washington County; that is, the primary decision makers with respect to policies concerning the concerning, arrest in and prosecution in criminal actions. In their respective capacities, they were authorized to exercise all powers and duties available to them under State and County Law. As such, they are responsible for decisions relating to the hiring and training of their employees and the policies, practices and custom of their respective departments on behalf of defendant Washington County.

In *Karim-Panahi v. Los Angelos Police Dept.*, 839 Fed 2nd 621 [9th Cir. 1988] the Court held, as follows:

*"A claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the …officers conduct conformed to official policy, custom, or practice."*

Under a 1983 action, municipality can be held liable when it is shown that the constitutional infringement was caused by the execution of an expressed municipal policy or wide spread municipal custom for practice that constitutes a practice of customer usage. *City of St. Lois*, 108 S. Ct. 915 (1988).

At this stage of the proceeding, the plaintiff's complaint amply alleges practices, policies and customs and procedures of County Defendant, WCSD and the WCAD and followed by their employees that resulted in the plaintiff being deprived of federally protected rights.

Further, plaintiff's complaint demonstrates that defendants Kortright and Murphy individually participated in the investigation, arrest and prosecution of the plaintiff.

## POINT V:

### INDIVIDUAL DEFENDANTS MURPHY, WINCHELL, STARK, KORTRIGHT, ANDERSON, AND STERN ARE NOT ENTITLED TO QUALIFIED IMMUNITY.

The plaintiff's complaint demonstrates County Defendants are not entitled to qualified immunity.

Although the County Defendants rely on *Saucier v. Katz*, 121 S. Ct. 2151 (2001), the holding in Saucier v. Katz, was all but overruled by *Pearson v. Callahan*, 129 S. Ct. 808 (2009).

The burden of proving a defense of qualified immunity is exclusively upon the County Defendants, *Gomez v. Toledo*, 46 U.S. 635 (1980) and *Varrone v. Bilotti*, 123 Fed. 3rd 175 (2nd Cir. 1997).

The plaintiff's complaint demonstrates that the County Defendants violated his constitutional rights and violated clearly established law.

County Defendants in their memorandum of law (page 23) incorrectly assert, as follows:

*1) "Acting upon information relating to the drug buy from a CI who is not secured by the County"*

Plaintiff's complaint does not support such a statement, or inference. Rather, plaintiff's complaint alleges defendant Scott Gillis and Assistant District Attorneys employed by the defendant WCDA approached the CI and promised him favorable treatment if "…he would set up plaintiff Peddie Jenkins." (Dkt. No.1 ¶ 43).

*2) Acting pursuant to a warrant to arrest plaintiff once the drug deal has been effectuated.*

Plaintiff's complaint does not support such a statement, or inference. Rather, plaintiff's complaint that a drug deal had never been effectuated and the warrant was issued as a result of an indictment procured by fraud, perjury, the suppression of evidence and other police conduct undertaken in bad faith (Dkt. No. 1 ¶¶ 78-84).

*3) Confirmed that Cocaine was purchased by the CI.*

Plaintiff's complaint does not support such a statement, or inference. Plaintiff's complaint referred only to "…crack cocaine alleged to have been sold by plaintiff Peddie Jenkins…" (Dkt. No.1¶ 61).

*4) Conducted a search of the CI and his vehicle prior to the purchase of the crack cocaine.*

Plaintiff's complaint does not support such a statement, or inference. Plaintiff's complaint states that neither the CI nor his vehicle was searched in accordance with the proper and accepted procedure prior to and after the sale (Dkt. No. 1 ¶ 79 k & l).

5) *Attempted a "controlled call" with plaintiff prior to purchase of cocaine.*

Plaintiff's complaint supports such a statement; that is, that a controlled call was never made (Dkt. No. 1 ¶ 79) in accordance with the terms of the cooperation agreement (Dkt. No. 1 ¶ 49).

6) *Observed plaintiff was present and/or in the general area when the CI purchased*

Plaintiff's complaint does not support such a statement, or inference; that is, the CI did not purchase cocaine at the plaintiff's residence.

7) *Plaintiff lived in the residence where the cocaine was purchased.*

Plaintiff's complaint does not support such a statement, or inference; that is, the CI did not purchase cocaine at the plaintiff's residence nor did the County Defendants observe the same (Dkt. No. 1 ¶¶ 54 & 70).

There are no facts in the plaintiff's complaint that would suggest any basis that a reasonable person would have relied on to support a finding of probable cause for the arrest and prosecution of the plaintiff. Rather, plaintiff's complaint sets forth the racial animus of the County Defendants (Dkt. No. 1 ¶¶ 38 & 41); the photographs of the alleged drug transaction clearly reflected that the plaintiff was not on the 4 wheeler and/or target (Dkt. No. 1 ¶¶ 51, 52); the audio recording of the alleged drug transaction clearly reflected the plaintiffs voice was not depicted on it (Dkt. No. 1 ¶¶ 53, 54 & 55); defendant Scott Gillis a member of the Drug Task Force who was working with the County Defendants during the investigation and prosecution of the plaintiff subsequently testified on cross examination

that a photograph taken on the date of the alleged drug transaction reflected that plaintiff was not involved in the drug transaction (Dkt. No. 1 ¶ 70); the plaintiff's complaint does not allege the CI ever advised the County Defendants that the plaintiff sold the drugs to him; the County Defendants, together with the other members of the Drug Task Force who were present on the date of the alleged drug transaction, did not observe the plaintiff participate in the drug transaction (Dkt. No. 1 ¶ 70); the cocaine which was alleged to have weighed two (2) grams in fact weighed only 1.1 grams (Dkt. No. 1 ¶¶ 61 & 62); there is no recorded "set up call" to the plaintiff (Dkt. No. 1 ¶ 79 (o)); and, plaintiff did not confess to having participating in the alleged drug transaction. In fact, plaintiff's complaint does not set forth any basis to establish probable cause for the arrest and prosecution of plaintiff.

In *Anderson v. Creighton*, 107 S. Ct. 3034 (1987) requires that the conduct of the party asserting qualified immunity be evaluated in the context of what a reasonable officer or similarly party would have believed to be lawful under the circumstances. In the instant case, whether a reasonable person in the position of the County Defendants would have believed that the arrest and prosecution of the plaintiff comported with the 4th Amendment, even though it may not have. The standard is that of "objective reasonableness". Otherwise put, "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right".

It is respectfully submitted that it would be clear to a reasonable official acting in the capacity of the County Defendants that the conduct engaged in would have been unlawful.

WHEREFORE, it is respectfully requested that the Court deny the County Defendants motion to dismiss the plaintiffs complaint, together with such other and further relief the Court may deem just and proper.

Dated: June 6, 2014

*signature*
William E. Montgomery, III
Federal Bar #: 104038
*Attorney for Plaintiff*
130 Maple Street, P.O. Box 228
Glens Falls, New York 12801
Telephone: (518) 798-6885
Fax: (518) 798-5974
Email: info@billmontgomerylaw.com

UNITED STATES DISTRICRT COURT
NORTHERN DISTRICT OF NEW YORK

---

PEDDIE JENKINS,

              Plaintiff,                    CIVIL ACTION #:1:14-CV-0064
                                                                     (GTS/RFT)

-vs.-

**THE COUNTY OF WASHINGTON; WASHINGTON COUNTY SHERIFF'S DEPARTMEN; WASHINGTON COUNTY SHERIFF JEFFEREY MURPHY, individually; WASHINGTON COUNTY UNDERSHERIFF JOHN WINCHELL, individually; WASHINGTON COUNTY SHERIFF'S DEPUTY SCOTT STARK, individually;** VILLAGE OF HUDSON FALLS; HUDSON FALLS POLICE DEPARTMENT; HUDSON FALLS POLICE CHIEF RANDY DIAMOND, individually; HUDSON FALLS POLICE OFFICER SCOTT GILLIS, individually; HUDSON FALLS POLICE OFFICER SCOTT MOULTHROP, individually; CITY OF GLENS FALLS; CITY OF GLENS FALLS POLICE DEPARTMENT; GLENS FALLS POLICE CHIEF WILLIAM VALENZA, individually; GLENS FALLS POLICE OFFICER PETER CASERTINO, individually; GLENS FALLS POLICE OFFICER PAUL FRETTELOSO, individually; NEW YORK STATE COMMISSIONER DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION; NEW YORK STATE PAROLE OFFICER MARIO TORRES, individually; NEW YORK STATE PAROLE OFFICER SCOTT HURTEAU, individually; **WASHINGTON COUNTY DISTRICT ATTORNEY'S OFFICE; WASHINGTON COUNTY DISTRICT ATTORNEY KEVIN KORTRIGHT, individually; WASHINGTON COUNTYASSISTANT DISTRICTATTORNEY DEVIN ANDERSON, individually; and, WASHINGTON COUNTY ASSISTANT DISTRICT ATTORNEY MICHAEL STERN, individually,**

              Defendants.

---

       I hereby certify that on June 6, 2014, I electronically filed the foregoing memorandum of law in opposition to defendants Motion to Dismiss pursuant to FRCP 12 (b) with the Clerk of the District Court using CM/ECF system, which sent notification of such filing to the following:

Thomas J. Mortati, Esq. at tom@bsmhlawfirm.com

April J. Laws, Esq. at ajl@lemirejohnsonlaw.com

James A. Resila, Esq. at jresila@carterconboy.com

Richard Lombardo, Esq. richard.lombardo@ag.ny.gov

                                        /s/ Margaret Beckwith
                                        Margaret Beckwith for
                                        William E. Montgomery, III
                                        (104038)