UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FEDDIE JENKINS,

    Plaintiff,    CIVIL ACTION #:1:14-CV-0064
                   (GTS/RFT)
-vs.-

THE COUNTY OF WASHINGTON; WASHINGTON
COUNTY SHERIFF'S DEPARTMEN; WASHINGTON
COUNTY SHERIFF JEFFEREY MURPHY, individually;
WASHINGTON COUNTY UNDERSHERIFF JOHN
WINCHELL, individually; WASHINGTON COUNTY
SHERIFF'S DEPUTY SCOTT STARK, individually;
VILLAGE OF HUDSON FALLS; HUDSON FALLS POLICE
DEPARTMENT; HUDSON FALLS POLICE CHIEF RANDY
DIAMOND, individually; HUDSON FALLS POLICE OFFICER
SCOTT GILLIS, individually; HUDSON FALLS POLICE OFFICER
SCOTT MOULTHROP, individually; CITY OF GLENS FALLS;
CITY OF GLENS FALLS POLICE DEPARTMENT; GLENS FALLS
POLICE CHIEF WILLIAM VALENZA, individually; GLENS FALLS
POLICE OFFICER PETER CASERTINO, individually; GLENS FALLS
POLICE OFFICER PAUL FRETTELOSO, individually; NEW YORK
STATE COMMISSIONER DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION; NEW YORK STATE PAROLE
OFFICER MARIO TORRES, individually; NEW YORK STATE PAROLE
OFFICER SCOTT HURTEAU, individually; WASHINGTON COUNTY
DISTRICT ATTORNEY'S OFFICE; WASHINGTON COUNTY
DISTRICT ATTORNEY KEVIN KORTRIGHT, individually;
WASHINGTON COUNTY ASSISTANT DISTRICT ATTORNEY DEVIN
ANDERSON, individually; and WASHINGTON COUNTY ASSISTANT DISTRICT
ATTORNEY MICHAEL STERN, individually,

    Defendants.
_____

# MEMORANDUM OF LAW
# IN OPPOSITION OF STATE DEFENDANTS'
# MOTION TO DISMISS PURSUANT TO FRCP 12(b)

_____

Page 1 of 14

## TABLE OF CONTENTS

PRELIMINARY STATEMENT……………………………….. Pg. 4

STANDARD OF REVIEW UNDER FRCP 12 (b)…………………. Pg. 4

FACTS ALLEGED IN PLAINTIFFS' COMPLAINT ARE
SUFFICIENT TO DEFEAT MOTION TO DISMISS………………. Pg. 4

ARGUMENT………………………………………………. Pg. 5

    Point I:

    THE FIRST CLAIM STATES A CAUSE OF ACTION AGAINST
    THE STATE DEFENDANTS…………………………………… Pg. 5

    42 U.S.C. § 1981 …………………………………………… Pg. 5

    Fourth Amendment ………………………………………….. Pg. 7

    Thirteenth Amendment ……………………………………….. Pg. 7

    Point II:

    THE SECOND CAUSE OF ACTION STATES A CAUSE OF ACTION
    AGAINST THE STATE DEFENDANTS ……………………… Pg. 7

    Fourth Amendment ………………………………………….. Pg. 7

    Fourteenth Amendment …………………………………….. Pg. 9

        Procedural Due Process ……………………………..… Pg. 9

        Substantive Due Process …………………………….. Pg. 10

    The Equal Protection Clause …………………………………... Pg. 10

    Point III:

    THE THIRD CLAIM STATES A CAUSE OF ACTION AGAINST THE
    STATE DEFENDANTS…………………………………….. Pg. 11

    Point IV:

    THE EIGHTH CLAIM STATES A CAUSE OF ACTION AGAINST THE
    STATE DEFENDANTS …………………………………….. Pg. 11

Point V:

STATE DEFENDANTS ARE NOT ENTITLED TO QUALIFIED
IMMUNITY ……………………………………………………….. Pg. 11

Point VI:

THE EIGHTH CLAIM IS NOT BARRED AS AGAISNT THE DEFENDANT
BY THE ELEVENTH AMENDMENT AND CORRECTION LAW
§ 24……………………………………………………………………. Pg. 13

Point VII:

THE COURT SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL
JURISDICTION OVER THE EIGTH CLAIM ……………………….. Pg. 14

Point VIII:

THE INTENTIONAL TORTS CONTAINED IN THE EIGHTH CLAIM ARE
NOT BARRED BY THE ONE-YEAR STATUTE OF LIMITATIONS…Pg. 14

## PRELIMINARY STATEMENT

Plaintiff Jenkins submits this memorandum of law in opposition to the motion to dismiss made by defendants New York State Commissioner Department of Corrections and Community Supervision, hereinafter referred to as "the Commissioner" New York State Parole Officer Mario Torres, hereinafter referred to as "defendant Torres" ,New York state parole officer Scott Hurteau, hereinafter referred to as "defendant Hurteau" and collectively as "State Defendants".

## STANDARD OF REVIEW UNDER FRCP 12 (b)

Defendants acknowledge that in accordance with the ruling *Phelps v. Kapnolas*, 308 F. 3d 180, 184 [2d Cir. 2002] the standard of review requires "…the court must accept the material facts alleged in the Complaint as true and construe all reasonable inferences in the plaintiff's favor…" when reviewing a motion to dismiss.

Under the notice pleading requirements of Rule 8 (a) of the Federal Rules of Civil Procedure to state a valid claim pursuant to 42 U.S.C. § 1983 must only contains a short and plain statement showing the pleader is entitled to relief.

## FACTS ALLEGED IN PLAINTIFFS' COMPLAINT ARE SUFFICIENT TO DEFEAT MOTION TO DISMISS

The facts contained in the plaintiffs' complaint at paragraphs 36 through 115 establish the elements of a malicious prosecution claim under New York law, together with a violation of plaintiffs' Fourth Amendment rights.

**Malicious prosecution and Fourth Amendment:** Specifically, the complaint (Dkt. No. 1 ¶¶ 1-115) demonstrates the State Defendants participated in initiating the prosecution against plaintiff; the action was terminated in plaintiffs' favor; the action was commenced and thereafter continued without probable cause; the action was commenced and thereafter

continued with malice and, the plaintiffs' constitutional rights as guaranteed by the Fourth Amendment rights against unreasonable seizure were violated.

The plaintiff's complaint (Dkt. No. 1 ¶¶36 & 37) alleges the State Defendants acted individually and collectively to each other, and as members of a duly organized drug task force.

## ARGUMENT

### Point I:

### THE FIRST CLAIM STATES A CAUSE OF ACTION AGAINST THE STATE DEFENDANTS

**42 U.S.C. § 1981**

The allegations contained in plaintiff's complaint are sufficient under the notice pleading requirements of Rule 8 (a) of the Federal Rules of Civil Procedure to state a valid claim pursuant to 42 U.S.C. § 1983; that is, the requirement that the pleading contains a short and plain statement showing the pleader is entitled to relief.

In *Conley v. Gibson*, 78 S. Ct. 99 (1957), the Court held, as follows:

> *The Federal Rules of Civil Procedure do not require a claimant to send out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rest.*

The Courts have also held that there is no "heightened pleading standards" but rather there is a liberal system of "notice pleadings" under Rule 8 (a) of the Federal Rules of Civil Procedure, *Leatherman v. Tarrant*, 113 S. Ct. 1160 (1993) and *Mian v. Donaldson, Lufkin & Jenrette Securities Corp.*, 7 F. 3d 1085 (1993).

Further, that when determining legal sufficiency of a claim from the position of the non moving party, the facts must be viewed in light most favorable to the non moving party,

*Garg v. Albany Indus. Development Agency*, 899 F. Supp. 961 (ND NY 1995) citing *Scheuer v. Rhodes*, 94 S. Ct. 1683 (1974).

The grave man of the State Defendants argument is the assertion, as follows:

*"However, plaintiff does not allege a single fact supporting a plausible inference that the State Defendants were even personally involved with plaintiff's arrest or prosecution, let alone that they falsely arrested plaintiff, maliciously prosecuted him* (memorandum page 8).

In fact, plaintiff's complaint alleges facts demonstrating that the plaintiff is an African American and, based upon his race, State Defendants discriminated against him such as to deprive him of his constitutional rights of full and equal benefits of all laws and proceedings for the security of persons and properties as is enjoyed by white citizens etc. as guaranteed by 42 U.S.C.A § 1981. Plaintiff's complaint goes beyond that required by Rule 8 (a) of the Federal Rules of Civil Procedure and specifies in detail, as follows:

    a) Defendants Torres and Hurteau were members of a duly organized Drug Task Force (Dkt. No. 1 ¶ 37).

    b) Defendants Torres and Hurteau exhibited racial animus and motivated by ill feelings towards the plaintiff (Dkt. No. 1 ¶ 41).

    c) Defendants Torres and Hurteau on February 10, 2012 participated in the surveillance of the plaintiff's residence on which date they participated as a member of the Drug Task Force (Dkt. No. 1 ¶ 50).

    d) Defendants Torres and Hurteau on February 10, 2012 and thereafter falsely stated the plaintiff was depicted as the person on a 4 wheeler who was alleged to have sold narcotics (Dkt. No. 1 ¶ 51).

e)  Defendants Torres and Hurteau on February 10, 2012 and thereafter falsely stated the plaintiff's voice was depicted as the person on an audio recording who was alleged to have sold narcotics (Dkt. No. 1 ¶ 53).

f)  Defendants Torres and Hurteau on February 10, 2012 and thereafter falsely stated the plaintiff was depicted as the person going into the back door of the plaintiff's residence to participate in a drug transaction, and drawing a sketch thereof, while knowing there was not a back door to plaintiff's residence (Dkt. No. 1 ¶ 59).

g)  Defendants Torres and Hurteau were aware that the CI being used by them had not complied with the terms and conditions of the cooperation agreement, including making the "set up call" and despite this continued to employ the CI and vouch for his credibility. (Dkt. No. 1 ¶ 49).

h)  Defendants Torres and Hurteau knowingly permitted the CI to testify falsely and offer false evidence to the grand jury, while withholding exculpatory evidence (Dkt. No. 1 ¶¶ 79 & 80).

i)  Defendants Torres and Hurteau conspired collectively with the other defendants to have witnesses testify before the grand jury and the trial and offer false testimony and provide and misleading evidence, while holding exculpatory evidence (Dkt. No. 1 ¶102).

j)  Defendant Torres testified at plaintiff's trial during which he offered false testimony and continued to participate in the conspiracy against plaintiff (Dkt. No. 1 ¶ 103).

Plaintiff submits the allegations contained in his complaint are not vague and conclusionary and, will be further amplified during the discovery stage of the proceeding.

**Fourth Amendment**

See point II.

**Thirteenth Amendment**

Plaintiff incorporates by reference his response to 42 U.S.C. § 1981 hereinabove.

Point II:

THE SECOND CAUSE OF ACTION STATES A CAUSE OF ACTION AGAINST THE STATE DEFENDANTS

**Fourth Amendment**

The plaintiff's complaint sufficiently alleges State Defendants intended to and in fact caused the unlawful investigation arrest and prosecution of the plaintiff, resulting in his unlawful seizure and confinement.

The plaintiff's complaint (Dkt. No. 1 ¶¶36 & 37) alleges the State Defendants acted individually and collectively to each other, and as members of a duly organized drug task force.

Defendants Torres and Hurteau prior to January 2012 were parole officers responsible for plaintiff, as a parolee until June 2011 (Dkt. No. 1 ¶ 39).

While on plaintiff was on parole, defendants Torres and Hurteau expressed racial animus towards plaintiff and threatened him by stating "When we do get you on something, you will go away for life." (Dkt. No. 1 ¶ 41)

Based on upon defendants Torres and Hurteau ill feelings and racial animus towards plaintiff, within 6 months of being released from parole i.e. in February 2012, defendants Torres and Hurteau participated in causing the wrongful investigation, arrest and prosecution of plaintiff (Dkt. No. 1 ¶¶ 40-104).

As a result of defendants Torres and Hurteau participation in causing the wrongful investigation, arrest and prosecution of plaintiff, plaintiff was confined and incarcerated from June 21, 2012 to December 6, 2012, and suffered the indignities associated therewith (Dkt. No. 1 ¶ 89).

Probable cause did not exist for the arrest and prosecution of the plaintiff.

Although State Defendants may argue that the grand jury indictment established probable cause for the arrest and continued prosecution, the Courts have held that the presumption of probable cause resulting from the issuance of an indictment is rebuttable. In *Manganiello v. City of New York*, 612 Fed 3rd 149 [2nd **Cir.** 2010], the Court held, as follows:

> *"The presumption of probable cause established by a grand jury indictment may be rebutted by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith."*

Plaintiff's complaint (Dkt. No. 1 ¶¶ 78-84) alleges the indictment was procured by fraud, perjury, the suppression of evidence and other police conduct undertaken in bad faith. As such, the uncontroverted allegations contained in plaintiff's complaint, overcomes the presumption of probable cause of the indictment.

**Fourteenth Amendment**

    **Procedural Due Process**

        Plaintiff's complaint establishes that plaintiff was denied procedural due process in that he possessed a protected liberty to be free from unwarranted seizure and prosecution and that he was deprived of that interest without due process.

        Plaintiff incorporates by reference his response to 42 U.S.C. § 1981and Fourth Amendment, hereinabove set forth.

**Substantive Due Process**

Plaintiff's complaint establishes that plaintiff was denied substantive due process in that the State Defendants infringed upon his fundamental liberties to be free from unreasonable searches, seizures and confinement and, that the conduct of State Defendants was so outrageous to shock the contemporary conscious of human dignity. Further, that as a result of the State Defendants conduct plaintiff was deprived of his liberties to be with his wife and children; he lost his livelihood; and, his personal property was seized (Dkt. No. 1 ¶¶ 111-113).

Plaintiff incorporates by reference his response to 42 U.S.C. § 1981 and Fourth Amendment, hereinabove set forth.

**The Equal Protection Clause**

Plaintiff's complaint establishes that plaintiff was denied equal protection based upon his race.

Although State Defendants assert in their memorandum of law (page 14) that "…plaintiff does not allege a single fact supporting a plausible inference that the State Defendants were even personally involved with the plaintiffs arrest or prosecution, let alone that they falsely arrested or maliciously prosecuted plaintiff based on his race." Such a statement belies the uncontroverted allegations contained in the plaintiff's complaint.

It is uncontroverted that Defendants Torres and Hurteau taunted and insulted plaintiff based upon his race, in part, as follows:

> *"…taunting plaintiff Peddie Jenkins; referring to plaintiff Peddie Jenkins wife as "the bitch"; falsely accusing plaintiff Peddie Jenkins of smoking marijuana; employing racially insensitive nicknames and epithets; directing plaintiff Peddie Jenkins to "go back where you came from"; stating to plaintiff Peddie Jenkins "I don't know how long you are going to last here"; and, telling*

Page 10 of 14

> *plaintiff Peddie Jenkins "When we do get you on something, you will be going away for life."* (Dkt. No. 1 ¶¶ 41).

Likewise, it is uncontroverted that Defendants Torres and Hurteau participated in the unjustified investigation and arrest, and malicious prosecution of the plaintiff, resulting in his unlawful seizure and confinement.

Plaintiff incorporates by reference his response to 42 U.S.C. § 1981and Fourth Amendment, hereinabove set forth.

### Point III:

### THE THIRD CLAIM STATES A CAUSE OF ACTION AGAINST THE STATE DEFENDANTS

Plaintiff's complaint provides sufficient allegations to support plaintiff's claim pursuant to 42 U.S.C section 1983 & 1985; that is, that the defendants acted under to color of state law and collaborated and conspired such as to violate plaintiff's constitutional rights under the Fourth, Eighth and Fourteenth Amendments, as hereinbefore set forth.

Plaintiff incorporates by reference his response to 42 U.S.C. § 1981and Fourth Amendment, hereinabove set forth.

### Point IV:

### THE EIGHTH CLAIM STATES A CAUSE OF ACTION AGAINST THE STATE DEFENDANTS

Plaintiff incorporates by reference his response to 42 U.S.C. § 1981and Fourth Amendment, hereinabove set forth.

### Point V:

### STATE DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

The plaintiff's complaint demonstrates State Defendants are not entitled to qualified immunity.

The burden of proving a defense of qualified immunity is exclusively upon the State Defendants, *Gomez v. Toledo*, 46 U.S. 635 (1980) and *Varrone v. Bilotti*, 123 Fed. 3rd 175 (2nd Cir. 1997).

There are no facts in the plaintiff's complaint that establish the State Defendants were acting within their discretionary authority or authority. Nor, if they were acting within their authority, that a reasonable person would have believed the conduct engaged in by the State Defendants was lawful, or have relied on to support a finding of probable cause for the arrest and prosecution of the plaintiff. Rather, plaintiff's complaint establish facts contrary to such a conclusion, to wit: sets forth the racial animus of the State Defendants (Dkt. No. 1 ¶¶ 38 & 41); the photographs of the alleged drug transaction which clearly reflected that the plaintiff was not on the 4 wheeler and/or target (Dkt. No. 1 ¶¶ 51, 52); the audio recording of the alleged drug transaction which clearly reflected the plaintiffs voice was not depicted on it (Dkt. No. 1 ¶¶ 53,54 & 55); defendant Scott Gillis, a member of the Drug Task Force who was working with the State Defendants during the investigation and prosecution of the plaintiff, subsequently testified on cross examination that a photograph taken on the date of the alleged drug transaction reflected that plaintiff was not involved in the drug transaction (Dkt. No. 1 ¶ 70); the plaintiff's complaint did not allege the CI ever advised the State Defendants that the plaintiff sold the drugs to him; the State Defendants, together with the other members of the Drug Task Force who were present on the date of the alleged drug transaction, did not observe the plaintiff participate in the drug transaction (Dkt. No. 1 ¶ 70); the cocaine which was alleged to have weighed two (2) grams in fact weighed only 1.1 grams (Dkt. No. 1 ¶¶ 61 & 62); there was no recorded "set up call" to the plaintiff (Dkt. No. 1 ¶ 79 (o)); and, plaintiff did not confess to having participating in

the alleged drug transaction. In fact, plaintiff's complaint does not set forth any basis to establish probable cause for the arrest and prosecution of plaintiff.

As a result of the conduct of the State Defendants plaintiff was arrested, prosecuted and incarcerated.

In *Anderson v. Creighton*, 107 S. Ct. 3034 (1987) requires that the conduct of the party asserting qualified immunity be evaluated in the context of what a reasonable officer or similarly party would have believed to be lawful under the circumstances. In the instant case, whether a reasonable person in the position of the State Defendants would have believed that the arrest and prosecution of the plaintiff comported with the 4th Amendment, even though it may not have. The standard is that of "objective reasonableness". Otherwise put, "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right".

Plaintiff's complaint alleges facts sufficient to establish State Defendants conduct violated his constitutional rights and that it would not have been objectionably reasonable for the State Defendants to believe that his actions were unlawful. And, it would be clear to a reasonable official acting in the capacity of the State Defendants that the conduct engaged in would have been unlawful.

Plaintiff incorporates by reference his response to 42 U.S.C. § 1981and Fourth Amendment, hereinabove set forth.

**Point VI:**

**THE EIGHTH CLAIM IS NOT BARRED AS AGAINST THE DEFENDANT BY THE ELEVENTH AMENDMENT AND CORRECTION LAW § 24**

Plaintiff submits that plaintiff's pendent state law claim asserted in his eighth claim of his complaint is not barred from being heard in Federal Court and the Court should exercise supplemental jurisdiction over said claim.

### Point VII:

### THE COURT SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE EIGHTH CLAIM

Plaintiff submits that the Court should retain jurisdiction over plaintiff's eighth claim in the event plaintiff's federal claims are dismissed.

### Point VIII:

### THE INTENTIONAL TORTS CONTAINED IN THE EIGHTH CLAIM ARE NOT BARRED BY THE ONE-YEAR STATUTE OF LIMITATIONS

Plaintiff submits that the statute of limitations does not preclude the causes of action contained in plaintiff's eighth claim in that plaintiff duly filed a notice of claim in accordance with New York State General Municipal Law § 50 (e) (Dkt. No. 1 ¶¶ 30-35).

WHEREFORE, it is respectfully requested that the Court deny the State's Defendants motion to dismiss the plaintiffs complaint, together with such other and further relief the Court may deem just and proper.

Dated: June 6, 2014

William E. Montgomery, III
Federal Bar #: 104038
*Attorney for Plaintiff*
130 Maple Street, P.O. Box 228
Glens Falls, New York 12801
Telephone: (518) 798-6885
Fax: (518) 798-5974
Email: info@billmontgomerylaw.com

UNITED STATES DISTRICRT COURT
NORTHERN DISTRICT OF NEW YORK

---

PEDDIE JENKINS,

                    Plaintiff,                      **CIVIL ACTION #:1:14-CV-0064**
                                                                                    (GTS/RFT)

-vs.-

THE COUNTY OF WASHINGTON; WASHINGTON
COUNTY SHERIFF'S DEPARTMEN; WASHINGTON
COUNTY SHERIFF JEFFEREY MURPHY, individually;
WASHINGTON COUNTY UNDERSHERIFF JOHN
WINCHELL, individually; WASHINGTON COUNTY
SHERIFF'S DEPUTY SCOTT STARK, individually;
VILLAGE OF HUDSON FALLS; HUDSON FALLS POLICE
DEPARTMENT; HUDSON FALLS POLICE CHIEF RANDY
DIAMOND, individually; HUDSON FALLS POLICE OFFICER
SCOTT GILLIS, individually; HUDSON FALLS POLICE OFFICER
SCOTT MOULTHROP, individually; CITY OF GLENS FALLS;
CITY OF GLENS FALLS POLICE DEPARTMENT; GLENS FALLS
POLICE CHIEF WILLIAM VALENZA, individually; GLENS FALLS
POLICE OFFICER PETER CASERTINO, individually; GLENS FALLS
POLICE OFFICER PAUL FRETTELOSO, individually; **NEW YORK
STATE COMMISSIONER DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION; NEW YORK STATE PAROLE
OFFICER MARIO TORRES, individually; NEW YORK STATE PAROLE
OFFICER SCOTT HURTEAU, individually;** WASHINGTON COUNTY
DISTRICT ATTORNEY'S OFFICE; WASHINGTON COUNTY
DISTRICT ATTORNEY KEVIN KORTRIGHT, individually;
WASHINGTON COUNTYASSISTANT DISTRICTATTORNEY DEVIN
ANDERSON, individually; and, WASHINGTON COUNTY ASSISTANT DISTRICT
ATTORNEY MICHAEL STERN, individually,

                    Defendants.

---

       I hereby certify that on June 6, 2014, I electronically filed the foregoing memorandum of law in opposition to defendants Motion to Dismiss pursuant to FRCP 12 (b) with the Clerk of the District Court using CM/ECF system, which sent notification of such filing to the following:

Thomas J. Mortati, Esq. at tom@bsmhlawfirm.com

April J. Laws, Esq. at ajl@lemirejohnsonlaw.com

James A. Resila, Esq. at jresila@carterconboy.com

Page 1 of 2

Richard Lombardo, Esq. richard.lombardo@ag.ny.gov

/s/ Margaret Beckwith
Margaret Beckwith for
William E. Montgomery, III
(104038)