UNITED STATES DISTRICRT COURT
NORTHERN DISTRICT OF NEW YORK

---

PEDDIE JENKINS,

                Plaintiff,                  CIVIL ACTION #:1:14-CV-0064
                                                                  (GTS/RFI)

-vs.-

THE COUNTY OF WASHINGTON; WASHINGTON
COUNTY SHERIFF'S DEPARTMEN; WASHINGTON
COUNTY SHERIFF JEFFEREY MURPHY, individually;
WASHINGTON COUNTY UNDERSHERIFF JOHN
WINCHELL, individually; WASHINGTON COUNTY
SHERIFF'S DEPUTY SCOTT STARK, individually;
VILLAGE OF HUDSON FALLS; HUDSON FALLS POLICE
DEPARTMENT; HUDSON FALLS POLICE CHIEF RANDY
DIAMOND, individually; HUDSON FALLS POLICE OFFICER
SCOTT GILLIS, individually; HUDSON FALLS POLICE OFFICER
SCOTT MOULTHROP, individually; **CITY OF GLENS FALLS;
CITY OF GLENS FALLS POLICE DEPARTMENT; GLENS FALLS
POLICE CHIEF WILLIAM VALENZA, individually; GLENS FALLS
POLICE OFFICER PETER CASERTINO, individually; GLENS FALLS
POLICE OFFICER PAUL FRETTELOSO, individually;** NEW YORK
STATE COMMISSIONER DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION; NEW YORK STATE PAROLE
OFFICER MARIO TORRES, individually; NEW YORK STATE PAROLE
OFFICER SCOTT HURTEAU, individually; WASHINGTON COUNTY
DISTRICT ATTORNEY'S OFFICE; WASHINGTON COUNTY
DISTRICT ATTORNEY KEVIN KORTRIGHT, individually;
WASHINGTON COUNTYASSISTANT DISTRICTATTORNEY DEVIN
ANDERSON, individually; and, WASHINGTON COUNTY ASSISTANT DISTRICT
ATTORNEY MICHAEL STERN, individually,

                Defendants.

---

**MEMORANDUM OF LAW
IN OPPOSITION OF MOVING DEFENDANTS
MOTION TO DISMISS PURSUANT TO FRCP 12(b)**

---

# TABLE OF CONTENTS

PRELIMINARY STATEMENT................................................... Pg. 3

FACTS ALLEGED IN PLAINTIFFS' COMPLAINT ARE
SUFFICIENT TO DEFEAT MOTION TO DISMISS....................... Pg. 3

STANDARD OF REVIEW UNDER FRCP 12 (b).......................... Pg. 4

ARGUMENT ................................................................................ Pg. 4

    I.    DEFENDANTS CASERTINO AND FRETTOLOSO
        ARE NOT ENTITLED TO AN ABSOLUTE IMMUNITY
        RELATING TO ANY TESTIMONY PROVIDED BEFORE
        THE GRAND JURY OR AT TRIAL............................ Pg. 4

    II.    PLAINTIFF HAS SUFFICIENTLY PLEAD CAUSES OF
        ACTION PURSUANT TO U.S.C. §§ 1981, 1983 AND 1985
        AGAINST CROSS-MOVING DEFENDANTS AND
        ACCORDINGLY, DISMISSAL OF SAID CLAIM IN NOT
        WARRANTED ..................................................... Pg. 4

    III.    PLAINTIFF HAS SUFFICIENTLY PLEAD A 42 U.S.C. § 1983
        CLAIM AGAINST DEFENDANTS CITY OF GLENS FALLS
        AND WILLIAM VALENZA AND ACCORDINGLY, HIS
        CAUSE OF ACTION ARISING UNDER THIS STATUTE
        MUST BE DISMISSED ........................................... Pg. 7

    IV.    DEFENDANTS FRETTOLOSO AND CASERTINO ARE
        NOT ENTITLED TO QUALIFIED IMMUNITY .......... Pg. 8

## PRELIMINARY STATEMENT

Plaintiff Jenkins submits this memorandum of law in opposition to the motion to dismiss made by defendant's City of Glens Falls, City of Glens Falls Police Department, Glens Falls Police Officer William Valenza, Glens Fall Police Officer Peter Casertino and Glens Falls Police Officer Paul Fretteloso (hereinafter collectively "moving defendants").

The allegations contained in plaintiff's complaint are sufficient under the notice pleading requirements of Rule 8 (a) of the Federal Rules of Civil Procedure to state a valid claim pursuant to 42 U.S.C. §§ 1981, 1983, 1985, ; that is, the requirement that the pleading contains a short and plain statement showing the pleader is entitled to relief.

## FACTS ALLEGED IN PLAINTIFFS' COMPLAINT ARE SUFFICIENT TO DEFEAT MOTION TO DISMISS

The facts contained in the plaintiffs' complaint at paragraphs 36 through 115 establish the elements of a malicious prosecution claim under New York law, together with a violation of plaintiffs' Fourth Amendment rights.

**Malicious prosecution and Fourth Amendment:** Specifically, the complaint (Dkt. No. 1 ¶¶ 1-115) demonstrates the moving defendants initiated the prosecution against plaintiff; the action was terminated in plaintiffs' favor; the action was commenced and thereafter continued without probable cause; the action was commenced and thereafter continued with malice and, the plaintiffs' constitutional rights as guaranteed by the Fourth Amendment rights against unreasonable seizure were violated.

The plaintiff's complaint (Dkt. No. 1 ¶¶36 & 37) alleges the moving defendants acted individually and collectively to each other, and as members of a duly organized drug task force.

## STANDARD OF REVIEW UNDER FRCP 12 (b)

Moving defendants acknowledge that in accordance with the ruling *Phelps v. Kapnolas*, 308 F. 3d 180, 184 [2d Cir. 2002] the standard of review requires "…the court must accept the material facts alleged in the Complaint as true and construe all reasonable inferences in the plaintiff's favor…" when reviewing a motion to dismiss.

### POINT I:

### DEFENDANTS CASERTINO AND FRETTOLOSO ARE NOT ENTITLED TO AN ABSOLUTE IMMUNITY RELATING TO ANY TESTIMONY PROVIDED BEFORE THE GRAND JURY OR AT TRIAL.

The plaintiff's complaint alleges defendant's Casertino and Frettoloso acted individually and collectively, and as part of the duly organized Drug Task Force (Dkt. No. 1 ¶¶ 36 & 37) in providing testimony and evidence to be presented to the grand jury and at trial which was perjured and false, while withholding exculpatory evidence, for the purpose of causing the unlawful arrest and prosecution of plaintiff (Dkt. No. 1 ¶¶ 36-104).

### POINT II:

### PLAINTIFF HAS SUFFICIENTLY PLEAD CAUSES OF ACTION PURSUANT TO U.S.C. §§ 1981, 1983 AND 1985 AGAINST CROSS-MOVING DEFENDANTS AND ACCORDINGLY, DISMISSAL OF SAID CLAIM IN NOT WARRANTED.

Plaintiff's complaint specifies facts sufficient to raise a plausible inference that moving defendants purposely discriminated against plaintiff.

Prior to the filing of the instant complaint, on May 17, 2013 a hearing was held pursuant to the provisions of section 50 (h) of the General Municipal Law during which plaintiff was examined by moving defendants during the hearing plaintiff responded with great specificity with respect to the racial animus directed towards him by the moving defendants and other named defendants (Dkt. No. 1 ¶ 31).

Plaintiff's complaint specifically specifies the racial animus directed to him by the moving defendants, individually and as members of a duly organized Drug Task Force (Dkt. No. 1 ¶¶ 38 & 41). The reasonable inference to be drawn is that the moving defendants, individually and as members of the Drug Task Force, were motivated by plaintiff's race.

The plaintiff in his complaint asserts that the moving defendants were motivated by his race. Plaintiff's assertion is based on his personal encounters with moving defendants prior to his arrest, as opposed to some abstract belief. Plaintiff specifically asserts that prior to his arrest the moving defendants, had falsely accused and targeted him as a drug dealer and referred to him in derogatory racial remarks. Moving defendants have never denied that they were not motivated by the plaintiff's race. The plaintiff's assertion is not merely conclusory but rather founded in his personal encounters with the moving defendants prior to his arrest. As such, the Court can draw a reasonable inference that the moving defendants were motivated by the plaintiff's race.

Although the moving defendants complain that plaintiff's complaint refers to, in part, to all defendants collectively, plaintiff's complaint alleges the defendants were operating as members of a duly organized Drug Task Force (Dkt. No. 1 ¶ 37). As such, it is illogical to expect the plaintiff to plead isolated individual acts of a particular defendant in a vacuum. The plaintiff's complaint clearly alleges that the defendants were in fact operating as members of the Drug Task Force.

Moving defendants complain that plaintiff's complaint improperly refers to the defendants individually and collectively as to each other such that it compels each individually defendant to speculate and guess as to the nature of the claim against him is simply not true. The moving defendants, together with the other defendants, are certainly aware of the nature of the claims against them; in that, they conspired and worked

collectively for the common purpose of causing the unlawful arrest and prosecution of the plaintiff. And, this is a reasonable inference to be drawn from plaintiff's complaint based upon the factual assertions contained in it. For example, to the extent known by the plaintiff, all of the named defendants who participated in their surveillance on February 10, 2012 are named individually and collectively; all the named defendants who lied about the plaintiff being the perpetrator on the 4 wheeler are named individually and collectively; and, all of the named defendants who lied that the plaintiff's voice was contained on the audio recording are named individually and collectively. The specific acts are set forth in greater detail in plaintiff's complaint.

As such, plaintiff's complaint alleges the names of the defendants, acting both individually and collectively, because it was an individual and collective effort on the part of the named defendants which resulted in the unlawful arrest and prosecution of the plaintiff.

The plaintiff's complaint establishes that the moving defendants, individually and collectively with the other named defendants who were members of the Drug Task Force, caused the arrest and continued criminal prosecution of the plaintiff by fabricating evidence and withholding exculpatory evidence from the grand jury and up to the plaintiff's acquittal after a jury trial.

The plaintiff's complaint clearly establishes there was no probable cause for the plaintiff's arrest or the continued prosecution. At trial it was learned that although the moving defendants claimed the plaintiff was the person on the 4 wheeler who participated in the drug transaction, in fact he was not i.e. the person on the 4 wheeler was white. Likewise, although the moving defendants claim the plaintiff's voice was on the audio tape as the person who participated in the drug transaction, in fact it was not. The moving defendants

perpetrated this fraud individually and, obviously, in a collective manner with the other named defendants who were members of the Drug Task Force.

The malicious acts of the moving defendants are demonstrated, in part, by their racial animosity directed towards the plaintiff, together with the intentional acts engaged in to cause his unlawful arrest and prosecution as stated above.

The criminal proceeding was terminated in the plaintiff's favor when, after approximately 20 minutes of deliberation, the jury acquitted the plaintiff.

### POINT III:

### PLAINTIFF HAS SUFFICIENTLY PLEAD A 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANTS CITY OF GLENS FALLS AND WILLIAM VALENZA AND ACCORDINGLY, HIS CAUSE OF ACTION ARISING UNDER THIS STATUTE MUST BE DISMISSED.

Defendant Valenza, as Chief of Police for the City of Glens Falls, is the policy/decision maker on behalf of defendant's City of Glens Falls; that is, the primary decision makers with respect to policies concerning hiring, training, supervision, and procedures relating to the investigation and arrest in criminal actions. In his capacity, he is authorized to exercise all powers and duties available to him under State and City Law.

Under a 1983 action, municipality can be held liable when it is shown that the constitutional infringement was caused by the execution of an expressed municipal policy or wide spread municipal custom for practice that constitutes a practice of customer usage. *City of St. Lois*, 108 S. Ct. 915 (1988).

The plaintiff's complaint amply alleges practices, policies and customs and procedures of City of Glens Falls followed by their employees that resulted in the plaintiff being deprived of federally protected rights. In the instant case, defendants Casertino and

Fretteloso committed acts under the color state law which resulted in a violation of plaintiff's 4th Amendment rights, as hereinabove set forth.

Defendants Casertino and Fretteloso were acting pursuant to the formalized policy, promulgated by the City of Glens Falls which permitted them to participate as members of the Drug Task Force.

The City of Glens Falls failed to train and supervise its employees in a fashion such as to prevent the violation of the plaintiff's constitutional rights. The failure amounted to a deliberate indifference to the right of the plaintiff and, as set forth in the plaintiff's complaint, continued over an extended period of time.

The custom and usage and proof of this practice was and continues to be evident in that plaintiff alleges that multiple members of the Glens Falls City Police Department engaged in conduct against him because of his race over a period of time. Plaintiff's complaint further demonstrates that during the 11 month time period alleged in his complaint relative to his unlawful arrest and prosecution there was no effective over site by the City of Glens Falls over defendants Casertino and Fretteloso. Rather, the plaintiff's complaint demonstrates that the conduct of defendants Casertino and Fretteloso was widely known and tolerated.

## POINT IV:

### DEFENDANTS FRETTOLOSO AND CASERTINO ARE NOT ENTITLED TO QUALIFIED.

The burden of proving a defense of qualified immunity is exclusively upon the County Defendants, <u>Gomez v. Toledo</u>, 46 U.S. 635 (1980) and <u>Varrone v. Bilotti</u>, 123 Fed. 3rd 175 (2nd Cir. 1997).

The plaintiff's complaint demonstrates that the moving defendants violated his constitutional rights.

There are no facts in the plaintiff's complaint that would suggest any basis that a reasonable person would have relied on to support a finding of probable cause for the arrest and prosecution of the plaintiff. Rather, plaintiff's complaint sets forth the racial animus of the moving defendants (Dkt. No. 1 ¶¶ 38 & 41); the photographs of the alleged drug transaction clearly reflected that the plaintiff was not on the 4 wheeler and/or target (Dkt. No. 1 ¶¶ 51, 52); the audio recording of the alleged drug transaction clearly reflected the plaintiffs voice was not depicted on it (Dkt. No. 1 ¶¶ 53,54 & 55); defendant Scott Gillis a member of the Drug Task Force who was working with the moving defendants during the investigation and prosecution of the plaintiff subsequently testified on cross examination that a photograph taken on the date of the alleged drug transaction reflected that plaintiff was not involved in the drug transaction (Dkt. No. 1 ¶ 70); the plaintiff's complaint does not allege the CI ever advised the moving defendants that the plaintiff sold the drugs to him; the moving defendants, together with the other members of the Drug Task Force who were present on the date of the alleged drug transaction, did not observe the plaintiff participate in the drug transaction (Dkt. No. 1 ¶ 70); the cocaine which was alleged to have weighed two (2) grams in fact weighed only 1.1 grams (Dkt. No. 1 ¶¶ 61 & 62); there is no recorded "set up call" to the plaintiff (Dkt. No. 1 ¶ 79 (o)); and, plaintiff did not confess to having participating in the alleged drug transaction. In fact, plaintiff's complaint does not set forth any basis to establish probable cause for the arrest and prosecution of plaintiff.

In *Anderson v. Creighton*, 107 S. Ct. 3034 (1987) requires that the conduct of the party asserting qualified immunity be evaluated in the context of what a reasonable officer or similarly party would have believed to be lawful under the circumstances. In the instant case, whether a reasonable person in the position of the moving defendants would have believed that the arrest and prosecution of the plaintiff comported with the 4th Amendment, even

though it may not have. The standard is that of "objective reasonableness". Otherwise put, "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right".

It is respectfully submitted that it would be clear to a reasonable official acting in the capacity of the moving defendants that the conduct engaged in would have been unlawful.

Plaintiff incorporates by reference his response to point II, hereinabove set forth.

WHEREFORE, it is respectfully requested that the Court deny the moving defendants motion to dismiss the plaintiffs complaint, together with such other and further relief the Court may deem just and proper.

Dated: June 7, 2014

William E. Montgomery, III
Federal Bar #: 104038
*Attorney for Plaintiff*
130 Maple Street, P.O. Box 228
Glens Falls, New York 12801
Telephone: (518) 798-6885
Fax: (518) 798-5974
Email: info@billmontgomerylaw.com

UNITED STATES DISTRICRT COURT
NORTHERN DISTRICT OF NEW YORK

---

PEDDIE JENKINS,

                Plaintiff,                      CIVIL ACTION #:1:14-CV-0064
                                                                                   (GTS/RFT)

-vs.-

THE COUNTY OF WASHINGTON; WASHINGTON COUNTY SHERIFF'S DEPARTMEN; WASHINGTON COUNTY SHERIFF JEFFEREY MURPHY, individually; WASHINGTON COUNTY UNDERSHERIFF JOHN WINCHELL, individually; WASHINGTON COUNTY SHERIFF'S DEPUTY SCOTT STARK, individually; VILLAGE OF HUDSON FALLS; HUDSON FALLS POLICE DEPARTMENT; HUDSON FALLS POLICE CHIEF RANDY DIAMOND, individually; HUDSON FALLS POLICE OFFICER SCOTT GILLIS, individually; HUDSON FALLS POLICE OFFICER SCOTT MOULTHROP, individually; **CITY OF GLENS FALLS; CITY OF GLENS FALLS POLICE DEPARTMENT; GLENS FALLS POLICE CHIEF WILLIAM VALENZA, individually; GLENS FALLS POLICE OFFICER PETER CASERTINO, individually; GLENS FALLS POLICE OFFICER PAUL FRETTELOSO, individually;** NEW YORK STATE COMMISSIONER DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION; NEW YORK STATE PAROLE OFFICER MARIO TORRES, individually; NEW YORK STATE PAROLE OFFICER SCOTT HURTEAU, individually; WASHINGTON COUNTY DISTRICT ATTORNEY'S OFFICE; WASHINGTON COUNTY DISTRICT ATTORNEY KEVIN KORTRIGHT, individually; WASHINGTON COUNTYASSISTANT DISTRICTATTORNEY DEVIN ANDERSON, individually; and, WASHINGTON COUNTY ASSISTANT DISTRICT ATTORNEY MICHAEL STERN, individually,

                Defendants.

---

       I hereby certify that on June 7, 2014, I electronically filed the foregoing memorandum of law in opposition to defendants Motion to Dismiss pursuant to FRCP 12 (b) with the Clerk of the District Court using CM/ECF system, which sent notification of such filing to the following:

Thomas J. Mortati, Esq. at tom@bsmhlawfirm.com

April J. Laws, Esq. at ajl@lemirejohnsonlaw.com

James A. Resila, Esq. at jresila@carterconboy.com

Richard Lombardo, Esq. richard.lombardo@ag.ny.gov

/s/ Margaret Beckwith
Margaret Beckwith for
William E. Montgomery, III
(104038)