UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PEDDIE JENKINS,

                       Plaintiff,

v.                                                  1:14-CV-0064
                                                  (GTS/RFT)

CNTY. OF WASHINGTON, *et al.*,

                       Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

WILLIAM E. MONTGOMERY, III, ESQ.      WILLIAM E. MONTGOMERY, III, ESQ.
  Counsel for Plaintiff
Glens Falls, NY

BEDLOCK LEVINE & HOFFMAN LLP         MARC A. CANNAN, ESQ.
  Co-Counsel for Plaintiff
New York, NY

LEMIRE JOHNSON, LLC                     GREGG T. JOHNSON, ESQ.
  Counsel for County Defendants           APRIL J. LAWS, ESQ.
Malta, NY

BURKE, SCOLAMIERO, MORTATI &          JUDITH B. AUMAND, ESQ.
HURD, LLP                                       THOMAS J. MORTATI, ESQ.
  Counsel for Village Defendants
Albany, NY

CARTER, CONBOY, CASE, BLACKMORE,   JAMES A. RESILA, ESQ.
MALONEY & LAIRD, P.C.                   WILLIAM C. FIRTH, ESQ.
  Counsel for City Defendants
Albany, NY

HON. ERIC T. SCHNEIDERMAN            RICHARD LOMBARDO, ESQ.
Attorney General for the State of New York
  Counsel for State Defendants
Albany, NY

GLENN T. SUDDABY, Chief United States District Judge

**DECISION and ORDER**

Currently before the Court, in this civil rights action filed by Peddie Jenkins ("Plaintiff") against five village entities and employees ("Village Defendants"), five city entities and employees ("City Defendants"), nine county entities and employees ("County Defendants"), and a state entity and two state employees ("State Defendants"), is Plaintiff's motion for relief from the Court's final Judgment of August 27, 2015, pursuant to Fed. R. Civ. P. 60(b), and to amend the Complaint pursuant to Fed. R. Civ. P. 15(a). (Dkt. No. 69.) For the reasons set forth below, Plaintiff's motion is denied.

## I. RELEVANT BACKGROUND

Because the parties have (in their memoranda of law) demonstrated an accurate understanding of Plaintiff's Complaint and the procedural history of this action (including the Court's Decision and Order of August 27, 2015), the Court will not recite that information in this Decision and Order, which is primarily intended for the review of the parties.

Generally, in his memorandum of law, Plaintiff asserts two arguments: (1) the Court's Decision and Order of August 27, 2015, should be set aside pursuant to Fed. R. Civ. P. 60(b), because it would be inequitable to permit the Judgment to stand in light of Plaintiff's proposed Amended Complaint, which adds substantial details regarding the conspiracy and sufficiently pleads his causes of action; and (2) Plaintiff should be permitted to amend his Complaint pursuant to Fed. R. Civ. P. 15(a), because (a) his motion to amend is timely, (b) his good-faith motion to amend will not cause undue prejudice, and (c) his proposed Amended Complaint would not be futile. (Dkt. No. 69, Attach. 1.)

Generally, in their opposition memorandum of law, the State Defendants assert two arguments: (1) Plaintiff's motion for relief from the Judgment should be denied, because (a) his argument of inequitability falls exclusively within the grounds set forth in Fed. R. Civ. P. 60(b)(5), but he has made no showing that applying the Judgment prospectively is no longer equitable, and (b) to the extent he seeks to undo his attorney's failure (whether by choice or neglect) to not file an Amended Complaint within the more than 14 months that elapsed between June 9, 2014 (when he indicated that he would do so), and August 27, 2015 (when the Court issued its Decision and Order), the Second Circuit has held, in *United States v. Bank of New York*, 14 F.3d 756, 759 (2d Cir. 1994), that a party who makes a conscious informed choice of a litigation strategy cannot in hindsight seek extraordinary relief under Fed. R. Civ. P. 60(b); and (2) Plaintiff's motion for leave to file an Amended Complaint against Defendants Torres and Hurtea should be denied because (a) the motion was unduly delayed, and (b) the proposed amendment would be futile. (Dkt. No. 73.)

Generally, in their opposition memorandum of law, the County Defendants assert two arguments: (1) Plaintiff's motion for relief from the Judgment should be denied for reasons similar to those asserted by the State Defendants, as well as the fact that (a) at most, Plaintiff's motion argues that his attorney was ineffective in drafting his opposition to Defendants' underlying motions to dismiss, which ground is insufficient as a matter of law, and (b) Plaintiff cannot rely on the grounds set forth in Fed. R. Civ. P. 60(b)(6), because he and his attorneys had two years to investigate Plaintiff's Complaint before it was filed in January of 2014; and (2) Plaintiff's motion for leave to file an Amended Complaint against the County should be denied because (a) the motion was unduly delayed, (b) its granting would result in undue prejudice to the County Defendants, and (c) the proposed amendment would be futile  (Dkt. No. 75.)

Generally, in their opposition memorandum of law, the City Defendants assert two arguments: (1) Plaintiff's motion for relief from the Judgment should be denied for reasons similar to those asserted by both the State Defendants and the County Defendants, as well as the fact that (a) the grounds set forth in Fed. R. Civ. P. 60(b)(5) are ordinarily reserved for cases involving an injunction or consent decree and a showing of a significant change either in factual conditions or in law, and (b) here Plaintiff has made no such showing; and (2) Plaintiff's motion to amend should be denied for reasons similar to those asserted by both the State Defendants and the County Defendants, as well as the fact that the undue prejudice to the City Defendants includes their expenditure of a significant amount of time and resources in litigating the action until the entry of Judgment. (Dkt. No. 76, Attach. 1.)

Generally, in their opposition memorandum of law, the Village Defendants assert two arguments: (1) Plaintiff's motion for relief from the Judgment should be denied for reasons similar to those asserted by both the State Defendants and the County Defendants; and (2) Plaintiff's motion to amend should be denied for reasons similar to those asserted by both the State Defendants and the County Defendants. (Dkt. No. 78.)

Generally, in his combined reply to the County Defendants' and City Defendants' opposition memoranda of law, Plaintiff asserts three arguments: (1) his motion to set aside the Court's Decision and Order of August 27, 2015, pursuant to Fed. R. Civ. P. 60(b), should be granted for the same reasons stated in his memorandum of law in chief; (2) with regard to his motion to amend, "[a]lthough a party seeking to file a post-judgment motion to amend a complaint typically should first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b), even where judgment is not vacated or set aside, a court must still consider the

nature of the proposed amended complaint"; and (3) moreover, his motion to amend should be granted because (a) the cases cited by the County Defendants and City Defendants in support of their undue delay argument are distinguishable, and (b) the County Defendants' and City Defendants' futility arguments are flawed. (Dkt. No. 79.)

Generally, in his reply to the Village Defendants' opposition memorandum of law, Plaintiff largely repeats the first and third arguments asserted in his reply to the County Defendants' and City Defendants' opposition memoranda of law. (Dkt. No. 81.)

Generally, in his reply to the State Defendants' opposition memorandum of law, Plaintiff largely repeats the first and third arguments asserted in his reply to the County Defendants' and City Defendants' opposition memoranda of law, as well as the arguments asserted in his memorandum of law in chief. (Dkt. No. 83.)

## II. GOVERNING LEGAL STANDARD

Again, because the parties have (in their memoranda of law) demonstrated an accurate understanding of the legal standards governing Plaintiff's two-pronged motion, the Court will not recite those standards in this Decision and Order, which is primarily intended for the review of the parties.

## III. ANALYSIS

After carefully considering the matter, the Court denies Plaintiff's motion for each and every one of the reasons offered by Defendants in their opposition memoranda of law, which are incorporated by reference here. *See, supra,* Part I of this Decision and Order. To those reasons, the Court adds three reasons, which are meant to supplement, not supplant, the aforementioned reasons.

First, with regard to Plaintiff's motion to set aside the Judgment, while the Court might be inclined to permit a *pro se* litigant to file a post-judgment amended complaint out of special solicitude to him, it notes that Plaintiff is not, and has not been, proceeding *pro se* in this action. Rather, at all times he has been represented by experienced counsel. Furthermore, his papers are conspicuously absent of an affidavit of his trial counsel regarding the reason for his failure to not file an Amended Complaint within the 14 months in question (despite the fact that he is still counsel of record for Plaintiff in this action, along with his new co-counsel). (*See generally* Dkt. No. 65.) Under the circumstances, the Court must, and does, find that the failure was the result of a conscious informed choice. Even if the Court were to find that the act of not filing an amended complaint was unconscious in that it consisted of an oversight due to the pressures of a busy law practice, the Court would find that continuing to apply the Judgment would be entirely equitable under the circumstances, given the duration and obviousness of the oversight (rendering it reckless), and its prejudicial impact on Defendants, which required them to defend against (what Plaintiff effectively admits were) deficient claims for more than 19 months (i.e., from January 22, 2014, to August 27, 2015). The Court notes that, during such lengthy delays (especially when they occur years after the events upon which the action is based), memories often fade, potential witnesses sometimes leave Defendants' employment, relevant documents are sometimes lost, and legal fees certainly accumulate.[1]

Second, with regard to the motion to amend, because the Court finds no grounds to set aside the Judgment (even the ground set forth in Fed. R. Civ. P. 60[b][6]) the Court may not

---

[1] *See, e.g., Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y.1996) ("The passage of time always threatens difficulty as memories fade. Given the age of this case [six years], that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse.").

grant Plaintiff's request to amend his Complaint. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) ("A party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to [Rules] 59(e) or 60(b)."), *accord, Smith v. Hogan*, 794 F.3d 249, 252, n.3 (2d Cir. 2015); *Nat'l Petrochem. Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991) ("Unless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint."); *cf. In re Assicurazioni Generali, S.p.A.*, 592 F.3d 113, 120 (2d Cir. 2010) ("The filing of an amended complaint is not permissible once a judgment is entered unless the judgment is set aside or vacated pursuant to Rule 59 of the Federal Rules of Civil Procedure").

Plaintiff cites one case in support of his argument that, "[a]lthough a party seeking to file a post-judgment motion to amend a complaint typically should first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b), even where judgment is not vacated or set aside, a court must still consider the nature of the proposed amended complaint": *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011). (Dkt. No. 79, at 6 [attaching page "3" of Plf.'s Reply Memo. of Law].) However, *Williams* acknowledges that, "[a]s a procedural matter, a party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to [Rules] 59(e) or 60(b)." *Williams*, 659 F.3d at 213 (internal quotation marks omitted). All *Williams* adds to that established point of law is that "it *might* be appropriate in a *proper* case to *take into account* the nature of the proposed amendment in deciding whether to vacate the previously entered judgment." *Id*. (emphasis added). As a result, *Williams* stands for a point of law *inconsistent* with the one claimed by Plaintiff, providing merely that, although a judgment *must be* vacated before a post-judgment motion to amend is

7

granted, a court *may find it appropriate* to consider the nature of the proposed amendments in deciding the motion to vacate. Here, the Court does not find such consideration to be appropriate, given the value of finality and the concerns of undue delay and undue prejudice articulated by Defendants. Among other reasons, the Court relies on the fact that the 42-day post-judgment delay in this case is considerably longer than the 14-day delay in *Williams*, and the one-day delay in *Foman v. Davis*, 371 U.S. 178 (1962).

Third, even if the Court were to reach the merits of Plaintiff's request to amend his Complaint, it would reject his proposed amendments not only for the numerous reasons stated by Defendants (including futility) but for the alternative reason that Plaintiff has failed to comply with the Court's Local Rules of Practice. In particular, Local Rule 7.1(a)(4) requires that the proposed insertions and deletions of language in a proposed amended complaint must be *specifically* set forth, either through the submission of a redline/strikeout version of the proposed amended complaint or through other equivalent means. N.D.N.Y. L.R. 7.1(a)(4).[2] Plaintiff's new co-counsel asserts that he did not submit such a redline copy "[b]ecause the proposed Amended Complaint is largely different than the [original] Complaint . . . ." (Dkt. No. 69, Attach. 2.) However, it is precisely *because* a proposed amended complaint is different from an original complaint that a redline/strikeout version of the proposed amended complaint must be presented. This need is even greater where, as here, the original complaint has been found to be

---

[2] *See, e.g., Police Benevolent Ass'n of New York State, Inc. v. New York*, 11-CV-1528, 2015 WL 1281520, at *5, n.5 (N.D.N.Y. Mar. 20, 2015) (D'Agostino, J.) (affirming magistrate judgment's decision to not consider plaintiff's request to amend based on plaintiff's failure to, *inter alia*, submit a red-lined version of the proposed amended pleading); *Pirro v. Nat'l Grid*, 12-CV-1364, 2014 WL 1303414, at *7 (N.D.N.Y. March 31, 2014) (Suddaby, J.) (finding cross-motion to amend to be procedurally improper due to, *inter alia*, identify the amendments in the proposed pleading, either through the submission of a red-lined version of the original pleading or other equivalent means).

deficient, thus necessitating an understanding of exactly how the proposed amended complaint differs from the original complaint. Plaintiff has essentially attempted to shift to the Court the burden of conducting a tedious line-by-line comparison of two lengthy pleadings. *See, e.g., Eldridge v. Rochester City Sch. Dist.*, 968 F. Supp.2d 546, 554 (W.D.N.Y. 2013) (stating that such a failure by counsel caused the court to expend an "inordinate amount of time . . . comparing and contrasting the various iterations of the complaint in order to identify and attempt to understand the proposed amendments"). Given the congestion on its docket, the Court respectfully declines to accept that burden.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for relief from the Court's final Judgment of August 27, 2015, pursuant to Fed. R. Civ. P. 60(b), and to amend the Complaint pursuant to Fed. R. Civ. P. 15(a). (Dkt. No. 69) is **DENIED**.

Dated: August 18, 2016
       Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge