

16-3260
Jenkins v. County of Washington

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand seventeen.

PRESENT:
    ROBERT A. KATZMANN,
      *Chief Judge,*
    ROBERT D. SACK,
    PETER W. HALL,
      *Circuit Judges.*
_____

PEDDIE JENKINS,

    *Plaintiff-Appellant,*

  v.                           16-3260

COUNTY OF WASHINGTON, WASHINGTON COUNTY SHERIFF'S DEPARTMENT, JEFFEREY MURPHY, WASHINGTON COUNTY SHERIFF, individually, JOHN WINCHELL, WASHINGTON COUNTY UNDERSHERIFF, individually, SCOTT STARK, WASHINGTON COUNTY SHERIFF'S DEPUTY, individually, VILLAGE OF HUDSON FALLS, HUDSON FALLS POLICE DEPARTMENT, RANDY DIAMOND, HUDSON FALLS POLICE CHIEF, individually, SCOTT GILLIS, HUDSON FALLS POLICE OFFICER, individually, SCOTT MOULTHROP, HUDSON FALLS POLICE OFFICER, CITY OF GLENS FALLS, CITY OF GLENS FALLS POLICE DEPARTMENT, WILLIAM VALENZA, GLENS FALLS POLICE CHIEF, individually, PETER CASERTINO, GLENS FALLS POLICE OFFICER, individually, PAUL FRETTELOSO, GLENS FALLS POLICE OFFICER, individually, NEW YORK

STATE COMMISSIONER OF DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, MARIO TORRES, individually, SCOTT HURTEAU, NEW YORK STATE PAROLE OFFICER, individually, WASHINGTON COUNTY DISTRICT ATTORNEY'S OFFICE, KEVIN KORTRIGHT, WASHINGTON COUNTY DISTRICT ATTORNEY, individually, DEVIN ANDERSON, WASHINGTON COUNTY ASSISTANT DISTRICT ATTORNEY, individually, MICHAEL STERN, WASHINGTON COUNTY ASSISTANT DISTRICT ATTORNEY, individually,

     *Defendants-Appellees*.

_____

| | |
|---|---|
| FOR APPELLANT: | Peddie Jenkins, pro se, Granville, NY. |
| FOR COUNTY OF WASHINGTON APPELLEES: | April J. Laws, Esq., Lemire, Johnson & Higgins, LLC, Malta, NY. |
| FOR VILLAGE OF HUDSON FALLS APPELLEES: | Thomas Mortati, Esq., Burke, Scolamiero, Mortati & Hurd, LLP, Albany, NY. |
| FOR CITY OF GLEN FALLS APPELLEES: | William C. Firth, Esq., Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C., Albany, NY. |
| FOR STATE OF NEW YORK APPELLEES: | Frank Brady, Assistant Solicitor General, *for* Barbara Underwood, Solicitor General of the State of New York, Albany, NY. |

 Appeal from a judgment and an order of the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

 **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal from the judgment is **DISMISSED** for lack of jurisdiction, and the order of the district court is **AFFIRMED**.

 Plaintiff-Appellant Peddie Jenkins, *pro se*, appeals from the district court's judgment dismissing his complaint and from its order denying his motion for relief under Federal Rule of Civil Procedure 60(b)(5) and for leave to amend the complaint under Federal Rule of Civil Procedure 15(a). Jenkins additionally argues, for the first time on appeal, that the district court

judge should have recused himself. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We lack jurisdiction to review the district court's judgment dismissing Jenkins' complaint. A Rule 60(b) motion filed within twenty-eight days of the judgment tolls the thirty-day deadline to appeal. Fed. R. App. P. 4(a)(1)(A), (4)(A)(vi). Jenkins, however, did not move for Rule 60(b) relief within the twenty-eight-day deadline and does not argue that he is entitled to an equitable exception or that the Appellees waived their timeliness objection. *See Weitzner v. Cynosure, Inc.*, 802 F.3d 307, 311-13 (2d Cir. 2015). We acknowledge, as Jenkins explained, that after judgment was entered in favor of the defendants, he made efforts to locate an attorney to replace former counsel in this case. Such circumstances, however, are not recognized as an equitable exception that tolls the thirty-day deadline to appeal. We therefore conclude that Jenkins' notice of appeal (which was filed outside of the applicable thirty-day deadline) was untimely, and that we lack jurisdiction to review the district court's judgment.

Jenkins has likewise failed to show that the district court's denial of his motion for Rule 60(b)(5) relief and for leave to amend his complaint was improper. We review denials of Rule 60(b) relief and leave to amend for abuse of discretion. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012); *Spiegel v. Schulmann,* 604 F.3d 72, 78 (2d Cir. 2010). "[A] final judgment or order has prospective application for purposes of Rule 60(b)(5) only where it is executory or involves the supervision of changing conduct or conditions." *Tapper v. Hearn*, 833 F.3d 166, 170 (2d Cir. 2016) (internal quotation marks omitted). Here, Jenkins does not challenge the district court's conclusion that he was ineligible for relief under the prospective clause in Rule 60(b)(5), and thus

3

has abandoned the issue. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995). Jenkins is further ineligible for such relief because the judgment "was immediately final and required nothing of the parties or the district court going forward." *See Tapper*, 833 F.3d at 171. The district court accordingly did not abuse its discretion in denying Jenkins' motion for Rule 60(b)(5) relief and for leave to amend his complaint. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

Finally, there is no basis for the district court judge's recusal. Jenkins did not raise this argument in the district court, and we generally will not entertain issues raised for the first time on appeal. *Gibeau v. Nellis*, 18 F.3d 107, 109 (2d Cir. 1994). Moreover, although Jenkins asserts that the district court judge "was born in th[e] area and was . . . a former prosecutor," this is insufficient to demonstrate that "an objective, disinterested observer" would not have "entertain[ed] significant doubt that justice would [have] be[en] done absent recusal." *See Diamondstone v. Macaluso*, 148 F.3d 113, 121 (2d Cir. 1998) (quoting *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir.1992)).

Accordingly, we **DISMISS** Jenkins's appeal from the underlying judgment and **AFFIRM** the order denying Rule 60(b) relief and leave to amend.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit